# UNITED STATES DISTRICT COURT
Eastern District of Louisiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOSEPH RIVERA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 15-266, SECT. J<br>USM Number: 34800-034<br>Elizabeth Carpenter, Jacqueline Barber<br>Defendant's Attorney |

**Date of Original Judgment:** April 20, 2017
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
X Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s) 1 of the indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2252(a)(2);<br>18 U.S.C. 2252(b)(1) | Receipt of Child Pornography | | 1 |

The defendant is sentenced as provided in pages 2 _____ 8 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JUNE 9, 2017*
Date of Imposition of Judgment

*/s/ Carl J. Barbier*
Signature of Judge

CARL J. BARBIER, U.S. DISTRICT JUDGE
Name and Title of Judge

JUNE 12, 2017*
Date

DEFENDANT: JOSEPH RIVERA
CASE NUMBER: 15-266, SECT. J

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
60 months.

X    The court makes the following recommendations to the Bureau of Prisons:
1) That the defendant be housed at the Federal facility in Seagoville, in Dallas, Texas.
2) That the defendant be placed in a substance abuse treatment program.
3) That the defendant be placed in a sex offender treatment program.
4) That the defendant be placed in a vocational treatment program.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐    as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X    on or before noon   AUGUST 15, 2017   .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
            Sheet 3 — Supervised Release                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  3  of  8

DEFENDANT: JOSEPH RIVERA
CASE NUMBER: 15-266, SECT. J

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
10 years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. X  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. X  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: JOSEPH RIVERA
CASE NUMBER: 15-266, SECT. J

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT:       JOSEPH RIVERA
CASE NUMBER:     15-266, SECT. J

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment, which may include urinalysis testing. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer. While under supervision, the defendant shall submit to random urinalysis testing, as directed by the United States Probation Officer.

2) The defendant shall pay any restitution fee that is imposed by this judgment.

3) The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

4) The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the United States Probation Officer.

5) The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer. If unemployed, the defendant shall participate in employment readiness programs, as approved by the probation officer.

6) The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of supervision may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other resident(s) that the premises may be subject to searches pursuant to this condition.

7) The defendant shall allow his United States Probation Officer to have unfettered access either physically or by any other electronic means determined feasible by his United States Probation Officer for any purpose for any computer, cell phone, laptop, television, or any other electronic communications instrument which may be equipped with online internet or world wide web access or any other form of wireless communication with third parties.

8) The defendant shall participate in an approved sex offender treatment program, to include psychological testing and/or a polygraph examination (or similar device), as directed by the United States Probation Officer, and abide by all supplemental conditions of sex offender treatment, to include, but not limited to signed releases of information. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. Sex offender assessments and treatment shall be conducted by therapists and examiners approved by the United States Probation Office. Any results of a polygraph examination (or the like) would not be used for the purpose of revocation of Supervised Release. The results will be reported by the United States Probation Office to appropriate treatment personnel. If disclosure is required by mandatory reporting child abuse or child sexual abuse laws, the results will be reported to appropriate law enforcement and related agencies with the approval of the Court. If the results reveal possible new criminal behavior, this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

9) The defendant shall comply with all federal, state and local sex offender laws, as outlined by the United States Probation Officer.

10) The defendant shall not have any contact with any child under the age of 18, without the prior approval of the United States Probation Office. If approved, the defendant must be accompanied by a responsible adult who is aware of his conviction and supervision status, and who has been approved in advance by the United States Probation Office. Contact includes, but is not limited to: physical contact, verbal communication, and/or electronic communication such as e-mail. Contact also includes congregating and/or loitering around school yards, playgrounds, swimming pools, arcades, zoos or other places frequented by children under the age of 18. Incidental contact in normal daily commercial life such as, but not limited to, making purchases or merchandise at a retail establishment, is permissible.

11) The defendant shall not seek or maintain employment, volunteer, or participate in any program and/or activity allowing contact with children under the age of 18 without express permission of the United States Probation Office.

12) The defendant shall not download, view or possess any form of pornography, sexually stimulating or sexually oriented material including books, videos, magazines, cut-outs or pornography of any kind as deemed inappropriate by the United States Probation Officer and/or treatment staff. The defendant shall not enter any location where pornography or erotica are the primary products for purchase or viewing.The defendant shall not enter any location where the primary function is to provide adult entertainment. The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The defendant shall not possess any material at any time, that depicts children under the age of 18, engaged in sexually explicit conduct, or possess any depictions of minors unclothed.

DEFENDANT:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ <u>100.00 due immediately</u> | $ 5,000.00 | $ 0.0 | $ 7,000.00* |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.*

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| 8 kids* |  | $1,000.00* |  |
| Angela* |  | $1,000.00* |  |
| At School* |  | $1,000.00* |  |
| Jan_Socks* |  | $1,000.00* |  |
| Lighthouse* |  | $1,000.00* |  |
| MarineLand* |  | $1,000.00* |  |
| Vicky* |  | $1,000.00* |  |

| TOTALS | $ _____ | $ 7,000.00* |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    X  the interest requirement is waived for   ☐ fine   X restitution.

    ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16)   Amended Judgment in a Criminal Case
       — Criminal Monetary Penalties                                                                        (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   7   of   8

DEFENDANT:        JOSEPH RIVERA
CASE NUMBER:      15-266, SECT. J

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

1)* Restitution: Restitution in the total amount of $7,000 be paid by the defendant, Joseph Rivera, with $1,000 due and owing to the victims of each of the following series: 8 kids, Angela, At School, Jan_Socks, Lighthouse, MarineLand, and Vicky.* The payment of any restitution shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at a rate of $150 per month. The payment is subject to increase or decrease, depending on the defendant's ability to pay. The Court finds that the defendant does not have the ability to pay interest on the restitution. The Court will waive the interest requirement in this case. Payments shall be made payable to the Clerk, United States District Court, and are to be forwarded to the following address: U.S. CLERK'S OFFICE, ATTN.: FINANCIAL SECTION, 500 POYDRAS STREET, ROOM C151, NEW ORLEANS, LOUISIANA 70130
The U.S. Probation Office and the U.S. Attorney's Office are responsible for enforcement of this order.

2) JVTA Assessment: A mandatory assessment of $5,000 is ordered under the provisions of 18 U.S.C. 3014 (the Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22, section 101 (2015)), as the defendant's underlying conduct occurred after May 29, 2015, and the Court has determined the defendant is not indigent. This assessment shall be collected in the same method as the mandatory special assessment imposed under 18 U.S.C. 3013. This assessment shall be placed in the Domestic Trafficking Victims' Fund to be used for the purposes set forth in 18 U.S.C. 3014(e). This assessment is not payable until all other fines, orders of restitution, and any other victim compensation obligations arising out of the defendant's criminal conviction have been paid.

DEFENDANT: JOSEPH RIVERA
CASE NUMBER: 15-266, SECT. J

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
    Forfeiture of the defendant's right, title and interest in certain property may be ordered

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.