UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-266 |
| JOSEPH RIVERA | SECTION: "J" |

## ORDER AND REASONS

Before the Court are a *Motion for Early Termination of Supervised Release* **(Rec. Doc. 110)** filed by Petitioner, Joseph Rivera, and an opposition filed by the United States (Rec. Doc. 112). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On October 27, 2016, Mr. Rivera pled guilty as charged to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Rec. Doc. 75, at 1). On April 20, 2017, the Court sentenced Mr. Rivera to sixty (60) months of imprisonment, followed by ten (10) years of supervised release. (Rec. Doc. 99, at 2–3). Mr. Rivera was also required to complete an approved drug/alcohol treatment program, participate in an approved sex offender treatment program, and maintain full-time employment upon release. *Id.* at 5. Mr. Rivera was released from custody on September 22, 2020 and subsequently filed the instant motion on April 22, 2026, after serving just over half of his ten-year supervised release term. *See* Rec. Doc. 110; Rec. Doc. 112.

## LEGAL STANDARD

Under the federal statute that governs supervised release, a Court may, after considering certain factors laid out in 18 U.S.C. § 3553, modify or terminate a petitioner's term of supervised release any time after the petitioner has served one year of release. *See* 18 U.S.C. § 3583(e). These factors generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect of the defendant's imposed sentence. *See* 18 U.S.C. § 3553. Further, to grant termination, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1).

Early termination is rarely granted, and the petitioner bears the burden of showing that early termination is justified. *United States v. Dixon*, No. 13-CR-24-2, 2022 WL 3107904, at *1 (E.D. Tex. Aug. 4, 2022) (citing *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Finally, the mere passage of time, absent any extraordinary circumstances, does not merit the termination of supervised release. *See United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sep. 20, 2013). Early termination is proper only when the petitioner shows vastly altered circumstances, such as exceptionally improved behavior. *See United States v. Baptiste*, No. 98-207, 2026 WL 880667, at *1 (E.D. La. Mar. 31, 2026).

## DISCUSSION

Mr. Rivera asserts four reasons supporting the termination of his supervised release. They are (1) the completion of two recovery programs, (2) the maintaining of

employment and fulfillment of financial obligations, (3) the ability to self-manage his release through complying with the conditions the Court imposed, and (4) the existence of a strong support network. (Rec. Doc. 110, at 3–6). Mr. Rivera also contends that the changed circumstances of his employment support termination. He asserts that the success of a recently created e-commerce company would be improved if he were able to travel and promote his business with fewer restrictions. *Id*. at 5. The Court will evaluate Mr. Rivera's arguments in turn and then consider the relevant factors in § 3553.

1. <u>The Completion of Recovery Programs</u>

First, the Court finds it highly commendable that Mr. Rivera has thus far conformed to the requirements of his release. However, complying with required programs does not constitute the level of exceptionally improved behavior required for termination. *See Baptiste*, 2026 WL 880667, at *1. The goals of supervised release are to further the defendant's rehabilitation, to facilitate the defendant's reentry into society, and to protect the community. Accordingly, completion of recovery programs shows that the system is serving its purpose. *See United States v. Welling*, No. 20-167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021) ("[C]ompliance may very well mean that supervision is serving its [purpose] and continuation of it to full term will achieve its desired effects on the supervised individual and community.").

It is true that Mr. Rivera has participated successfully in the programs the Court required as conditions of his supervised release, and he has maintained sobriety for over a decade, which is a laudable achievement. (Rec. Doc. 110, at 3).

However, he has not yet completed the Sex Offender Treatment Program. In the instant motion, Mr. Rivera's attorney pointed out that he has completed only the "active phase of this program." *Id.* The Court also consulted with Mr. Rivera's U.S. Probation Officer, who clarified that Mr. Rivera is currently in the maintenance phase of the Sex Offender Treatment Program, so his treatment remains ongoing. Further, the U.S. Probation Office does not support early termination of supervised release for convicted sex offenders, particularly those who have not yet completed their treatment programs. Therefore, the Court finds that continued supervised release will serve both Mr. Rivera and his community, especially considering the nature of Mr. Rivera's criminal conduct and the number of incidents which led to his conviction. *See* Rec. Doc. 76, at 2–3. Based on the Court's "individualized assessment of the need for ongoing supervision . . . following consultation with the government and the probation officer," U.S.S.G. § 5D1.4(b), the Court finds that Mr. Rivera's required participation in rehabilitative programs, while certainly commendable, does not warrant the early termination of his supervised release.

2. Continued Employment and the E-Commerce Business

While it is once again positive that Mr. Rivera has maintained steady employment since his release, the interests of justice do not require a petitioner to pursue his chosen career path. A defendant may find himself suffering various consequences as a result of his conviction, yet the desire to seek a chosen career or more lucrative job does not justify termination of supervised release. *United States v. Arledge*, No. 06-CR-18, 2015 WL 3504845, at *2 (S.D. Miss. June 3, 2015) ("[A]lthough

supervised release may inhibit [a defendant's] ability to find more lucrative employment, this does not warrant early termination."). Mr. Rivera has failed to point to anything other than a desire to travel for the possible success of a very new e-commerce business and to work on an *in-state* rental property as reasons for termination. There is scant case law supporting the idea that termination is warranted to enable him to travel for his chosen profession. Mr. Rivera's terms of release also do not forbid him from traveling within Texas, with approval from the United States Probation Office, and are no more restrictive than typical. This is true of travel for his business and for making improvements to his property near Canyon Lake. A desire to engage in a specific career gives little support to a motion to terminate supervised release.

3. <u>Self-Managing of Supervised Release</u>

Similar to Mr. Rivera's completion of required programs, complying with the terms of supervised release, while positive, does not support termination. The fact that time has passed, absent extraordinary circumstances, does not support terminating supervised release. *See Hayes*, 2013 WL 5328874, at *1. Mr. Rivera has not pointed to any changed circumstances that merit termination other than the fact that he has managed his release in the years since his incarceration. The Court commends Mr. Rivera's compliance with the requirements of his release, but this behavior is simply what is expected of a defendant upon release—it is not extraordinary. *See Dixon*, 2022 WL 3107904, at *2.

4. <u>Mr. Rivera's Support Network</u>

Family and friends are critical to a person's rehabilitation and reentry after incarceration. The presence of a support system in Mr. Rivera's life, however, is neither a changed circumstance, nor is it enough to justify termination. The support of friends and family is commendable but generally insufficient to support termination of supervised release. *See e.g. United States v. Boslet*, No. 15-12, 2025 WL 2662996, at *2 (W.D. Pa. 17, 2025). The familial support that Mr. Rivera highlights does not represent an improved circumstance or even something new for him. His motion makes clear that these family members have stood by him since his arrest, and a desire to terminate his release for easier travel and possible visitation with his support network is not enough to constitute extraordinary circumstances. (Rec. Doc. 110, at 5).

5. <u>Section 3553 Factors</u>

When considering the § 3553 factors, it is important to remember that they concern the offense, the defendant, public safety, and the effect of continued supervision. The information Mr. Rivera points to, detailed above, plays a part in this Court's analysis, but multiple other factors also play a role. The Court would emphasize that the crime for which Mr. Rivera pled guilty—including the repeated searching for, downloading, and viewing of files depicting child pornography of children as young as one year old—is extremely serious. *See* Rec. Doc. 76, at 2–3. The sentence imposed on Mr. Rivera was calculated to address the seriousness of these crimes, and the lengthy term of supervised release was intended to ensure long-term compliance and non-criminal conduct. Continued supervision also provides protection

for the public. Crimes such as Mr. Rivera's, which occur almost completely online, could happen to large swaths of the public and are difficult to protect against. While Mr. Rivera has been evaluated at a low risk of reoffending, continued supervision will place further protection against that concern.

Evaluated together, the circumstances presented by Mr. Rivera do not rise to the level required by § 3583(e). Many of the actions he has taken are simply those that are expected of a defendant on supervised release, and while this pleases the Court, termination is not something that arises as a matter of course. The factors in § 3553 further support the finding that Mr. Rivera's supervised release should continue, especially when considering the nature of his crimes and the safety of the public.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Early Termination of Supervised Release* **(Rec. Doc. 110)** is **DENIED**, and the conditions of Mr. Rivera's supervised release remain in place.

New Orleans, Louisiana, this 31st day of August, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE